F. N. FITCH, *Executor of* BETSEY FITCH *v.* JAMES FLANDERS.

*Vendue sale. Matters concluded by the allowance of the account of the committee.*

In the expenditure of a land tax, all questions respecting the faithful expenditure of the labor and whether or not it was expended in the proper place are involved in, and should be concluded by the allowance of the account of the committee by the county court.

In this case, the act granting the tax, required portions of it to be expended upon new roads to be laid " in the best place" between certain designated termini. It was claimed that the route selected had not been properly surveyed and the roads laid out upon them; also that a portion of the work had been performed by the job, the committee calling certain amounts of work equal to a certain number of days labor at the statute price; *Held,* that these matters were involved in and concluded by the allowance of the committee's account.

TRESPASS ON THE FREEHOLD. The plaintiff claimed title in his testatrix to the premises, upon which the trespass was alleged to have been committed, under a vendue deed from Theophilus W. Fitch, the collector of a five cent land tax, on the lands in Hyde-park, granted by the legislature in 1839. (See Laws of 1839, p. 76.) The plaintiff, in connection with the deed, introduced in evidence the act granting the tax, the record and proceedings of the vendue, the collector's bond, the original advertisement, the committee's accounts and the settlement thereof, and parol evidence showing that the notice of the settlement of said accounts was duly and seasonably given. The defendant introduced testimony proving or tending to prove that the roads, upon which the money raised

by said tax was expended, were not laid in "the best place" as specified in the act, *q. v.*, and that the roads upon which the expenditure was made were not laid out before the expenditure of the tax was commenced, and that they were never surveyed or laid out by the selectmen of the town of Hydepark, otherwise than that they were surveyed and laid out by the committee named in the act granting the tax, two members of which, at the time of said surveying and laying out the roads, were selectmen of Hydepark, and constituted a majority of the members of that board for that year. The testimony on the part of the plaintiff, on these points, tended to prove that the routes selected were the best and the most feasible and practicable that could be selected, and that the committee and selectmen acted in good faith, and exercised their best judgment in selecting the routes, locating the road and expending the tax. But in expending the tax, it was shown that, in some instances, the committee set out or designated small parcels or portions of the work and agreed to allow a certain number of days work at seventy-five cents per day (the price fixed by the statute) for doing the parcels or portions of the work thus designated, but it appeared that the committee had the supervision of said work, and examined it while in progress, and that most of the tax was expended by hiring men by the day directly, and at the statute price. The defendant insisted that the vendue sale was void on account of the roads not being legally laid, claiming that they should have been laid by the selectmen of the town, and that the acts of the committee could not be referred to the selectmen;—on account of their not being laid out regularly, before the work was commenced; on account of the routes selected not being in the best place; and on account of a portion of the work having been done by jobbing, in the manner above stated. The county court, May Term, 1854,— PECK, J., presiding—overruled these objections, and in reference to the selection of the routes, held that if the committee acted in good faith and exercised their best judgment, it was sufficient; to all which the defendants excepted. Judgment for the plaintiff.

*J. Sawyer*, for the defendant.

*Child & Ferrin*, for the plaintiff.

40

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J. The questions raised by the defendant upon the trial in the county court, seem to be ultimately reduced to to those respecting the survey of the new roads, and the letting out a portion of the work, by the job, agreeing to call a given amount of work a certain number of days work at seventy-five cents each; and after considerable reflection on these questions, it seems to us, that the mode of estimating ought to be regarded, as chiefly involved in the allowance of the account of the committee, by the county court. If we give that allowance any effect, (and it seems it ought not to be made entirely nugatory,) it certainly should conclude the question of the faithful expenditure of the labor. I am not aware, that any case, before, has ever attempted to go behind the allowance of the committee's account.

The remaining questions all concern the survey of the new roads upon which the tax was required to be expended. It does not seem to us that there was shown any such fatal irregularity in this matter, as will render the sale of the land, by the collector, void. These questions seem to me more properly to arise upon the allowance of the committee's account. If the labor had not been done, or not done in the proper place, it could be urged successfully, as all will readily admit, against the allowance of the committee's account. It ought then to conclude these questions, that the court *did make* the allowance.

But if the questions were open to examination, we are fully satisfied that they were properly disposed of in the court below.

Judgment affirmed.